# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**REGINA BRODIE-BAILEY,**

      **Plaintiff,**

  v.                                     Case No. 03-C-614

**WE ENERGIES and PAPER, ALLIED
INDUSTRIAL, CHEMICAL AND
ENERGY WORKERS LOCAL 7-0018,**

      **Defendants.**

## DECISION AND ORDER

The Plaintiff, Regina Brodie-Bailey ("Brodie-Bailey"), filed her *pro se* complaint in this Court on June 30, 2003, alleging discrimination and a failure to follow union procedures which resulted in her wrongful termination. By Order of this Court dated July 18, 2003, Brodie-Bailey was allowed to proceed *in forma pauperis* while her request for appointment of counsel was denied without prejudice. Both Defendants in this case filed motions for summary judgment on June 1, 2004. Defendant Paper, Allied Industrial, Chemical and Energy (PACE) Workers Local 7-0018 submitted two revisions of its initial motion, the first on August 12, 2004, and the second on August 13, 2004. By Order of this Court dated August 6, 2004, Brodie-Bailey was to respond to these motions no later than September 20, 2004.

On September 20, 2004, the Court received a handwritten letter from Brodie-Bailey dated September 17, 2004. In this letter, Brodie-Bailey requested more time in which to respond to the Defendants' pending motions. She claimed that she had been "very sick" and did "not understand what to do"– presumably in regard to the pending summary judgment motions. By Order of the Court dated October 6, 2004, Brodie-Bailey was given through October 29, 2004 to respond to the Defendants' motions.

In lieu of a response, on October 29, 2004, Brodie-Bailey submitted another letter to the Court. In that missive, Brodie-Bailey explained that she still had not retained counsel. (Letter from Brodie-Bailey to the Honorable Rudolph T. Randa of 10/29/04 at 1.) She expressed doubts over her ability to find representation insofar as she was "without money and sick." *Id*. Similar to her previous letter to the Court, Brodie-Bailey expressed some confusion over the pending summary judgment motions and stated that she would likely be unprepared for future hearings without assistance from counsel. *Id*. at 2. The Court construed Brodie-Bailey's letter as a motion for an extension of time as well as a motion for appointment of counsel. The Court, granting Brodie-Bailey's request for an extension of time while denying her request for appointed representation, stated that

> repeated delays of her action cannot continue indefinitely. She, as the party who brought the current action, is responsible for continuing its prosecution. Though Brodie-Bailey is currently unrepresented, she is responsible for complying with all relevant local and federal rules of procedure. Her failure and/or inability to find representation does not give her a free pass to extend this litigation interminably and such excuses will not fend off meritorious dispositive motions.

2

Case 2:03-cv-00614-RTR   Filed 04/27/05   Page 2 of 7   Document 52

*Bailey v. WE Energies*, No. 03-C-614, at 3 (E.D. Wis. Nov. 4, 2004).

On April 5, 2005, the Court sent Brodie-Bailey a letter and *sua sponte* extended the deadline for her responses to April 18, 2005. In that letter, the Court advised Brodie-Bailey that failure to respond to the pending dispositive motions could result in the dismissal of her case or a decision on the merits against her. The new deadline set by the Court has since come and gone; Brodie-Bailey still has not responded to the Defendants' motions.

Civil Local Rule 41.3 states that "[w]henever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice." United States District Court for the Eastern District of Wisconsin, Local Rules, Civil L.R. 41.3. Case law clearly acknowledges the inherent authority of district courts to dismiss a case *sua sponte* for a plaintiff's failure to prosecute. *Daniels v. Brennan*, 887 F.2d 783, 785 (7th Cir. 1989). A dismissal for lack of prosecution is appropriate when there is a clear record of delay or contumacious behavior. *Casteel v. Pieschek*, 3 F.3d 1050, 1055 (7th Cir. 1993); *Daniels*, 887 F.2d at 785. However, no case should be dismissed for failure to prosecute without "explicit warning" of the potential sanction, but there is no requirement that graduated sanctions be imposed before dismissing a case for failure to prosecute. *Ball v. City of Chicago*, 2 F.3d 752, 755-56 (7th Cir. 1993). The Court must consider

> the frequency and magnitude of the plaintiff's failure to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel, the effect of those failures on the judge's calendar and time, the prejudice if any to the defendant caused by the

3

> plaintiff's dilatory conduct, the probable merits of the suit, and the consequences of dismissal for the social objectives of the type of litigation that the suit represents.

*Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003) (citation omitted).

The Court has provided Brodie-Bailey with an explicit warning of the potential consequences of her dilatory behavior. Nevertheless, Brodie-Bailey has failed to meet the last three deadlines set by this Court. Brodie-Bailey was unable to meet both the September 20, 2004 and October 29, 2004 deadlines for responding to the Defendants' motions. In both instances, her requests for additional time arrived at the eleventh hour. Most recently, she failed to comply with the Court's April 18, 2005 deadline.

The Court does not know the reason for Brodie-Bailey's failure; no explanation has been forthcoming. In her letters to this Court, Brodie-Bailey has expressed concerns over her ability to adequately represent herself. However, Brodie-Bailey's belief that she requires the assistance of counsel will not excuse her dilatory behavior. The Court previously apprised Brodie-Bailey of the legal criteria she must satisfy to qualify for appointment of counsel; she has not made this showing.

The Court acknowledges that the prejudice to the Defendants occasioned by Brodie-Bailey's delay and unresponsiveness is likely minimal as is the impact on this Court's docket. Nevertheless, Brodie-Bailey's failure to respond to the pending motions contravenes this

4

Court's local rules, which require responses to motions for summary judgment.[1] She has failed to respond even though both Defendants complied with this Court's local rules and provided her the required notice and information related to summary judgment procedures. Brodie-Bailey's failure to respond rests squarely on her shoulders.

Brodie-Bailey's failure to respond to the instant motion likely dooms her action. The Seventh Circuit has identified summary judgment as the "'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Koszola v. Bd. of Educ.*, 385 F.3d 1104, 1111 (7th Cir. 2004) (citations omitted). Insofar as Brodie-Bailey has chosen not to "put up," she is left with few options. While suits such as Brodie-Bailey's, which allege discrimination, carry significant social value, the Court is in no position to assess whether Brodie-Bailey, in fact, was the victim of unlawful discrimination. Slapping a legal label on a suit (with no factual support) does not automatically imbue it with that level of social import which will allow the plaintiff to dawdle and stave off dismissal for lack of prosecution.

The Court can no more gauge the societal value of Brodie-Bailey's suit than her prospect of success. Other than her complaint, there is nothing on which the Court can base

---

[1] Civil Local Rule 7.1 states that "[o]n motions for summary judgment, the opposing party *must* serve a response answering brief and affidavits or other documents within 30 days of service of the motion; the movant *may* serve a reply brief and, when necessary, affidavits or other documents within 15 days of service of the response brief." United States District Court for the Eastern District of Wisconsin, Local Rules, Civil L.R. 7.1 (emphasis added). While this quoted language may be interpreted as mandating only the time frame within which a response can be filed if a party chooses to do so, the words "must" and "may" suggest that responses are mandatory whereas replies are optional.

5

its opinion. Given this lack of information, the present circumstances seem amenable to dismissal for practical reasons. It would be unusual to require adjudication of motions for summary judgment when the party who initiated the suit has failed to respond. Perhaps a judgment on the merits–though based on an unopposed brief–is preferable. Such a decision would justify the movant's expenditure of resources and produce a judgment on the merits with some measure of finality. It is difficult, however, to reconcile this position with the factors that courts must weigh when considering dismissal for lack of prosecution. For example, if a suit has significant societal value, it is not preferable to decide the case on the defendant-movant's facts and legal theories without the complainant's presentation of countervailing facts or legal argumentation. Similarly, courts should not foreclose potentially meritorious suit on the purported merits when those "merits" are elucidated only through a one-sided view of the controversy in the unopposed filings of the movant. If Brodie-Bailey's suit has merit, society's interests would seem to favor dismissal of her action, thereby preserving the possibility that she may refile her action in the future.[2]

---

[2] The Court is aware that Brodie-Bailey may run against the statute of limitations if she seeks to refile her action. While this may bar her suit, the Court's adjudication of the Defendants' pending motions, as a practical matter, would likely lead to the same result.

6

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Pursuant to Civil L.R. 41.3, Brodie-Bailey's Action is **DISMISSED** without prejudice for failure to prosecute.

WE Energies' Motion for Summary Judgment (Docket No. 30) is **DISMISSED** as moot.

PACE International Union 7-0018's Motion for Summary Judgment (Docket No. 44) is **DISMISSED** as moot.

Dated at Milwaukee, Wisconsin this 27th day of April, 2005.

**BY THE COURT**

s/ Rudolph T. Randa

Hon. Rudolph T. Randa

Chief Judge